UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

U.S. BANK NATIONAL ASSOCIATION,

    Plaintiff,

v.                                                    Case No. 5:09-cv-357-Oc-23GRJ

TAYLOR, BEAN & WHITAKER
MORTGAGE CORPORATION,

    Defendant.
_____/

## **O R D E R**

The plaintiff, as trustee, sues Taylor, Bean & Whitaker Mortgage Corporation ("TBW") for breach of contract and seeks injunctive relief. The plaintiff administers trusts that either own or possess a security interest in residential mortgage loans. Pursuant to six servicing agreements, the plaintiff engaged TBW to service approximately 1,936 mortgage loans that provide income to the trusts. On August 5, 2009, Fitch Ratings reduced TBW's credit rating to "RPS5," which Fitch Ratings defines as "unacceptable." (Doc. 1, ¶ 11) As a result of the downgrade, the plaintiff immediately terminated the serving agreements. (Doc. 1, ¶ 12) After the termination, TBW ceased operations and laid off nearly all of its employees (Doc. 1, ¶ 15). Although the plaintiff appointed a successor to assume TBW's mortgage servicing obligations, TBW allegedly fails to comply with the post-termination obligations imposed by Sections 4.2 and 4.4 of the servicing agreements. Specifically, TBW fails to provide access to documents, data, and records pertaining to the mortgage loans (Doc. 2). As a result,

the successor servicer cannot collect payments due on the 1,936 mortgage loans, act on delinquent payments, or remit tax and insurance payments out of the servicing accounts (Doc. 2). The plaintiff also seeks to recover approximately $2.4 million, which represents "approximately one month's worth of funds collected under the Mortgage Loans in various accounts." (Doc. 3 at 9) Alleging immediate and irreparable harm to the trusts administered by the plaintiff, the plaintiff moves (Doc. 2) for a Temporary Restraining Order ("TRO") and requests an emergency hearing.

To establish entitlement to the requested relief, the plaintiff must show (1) a substantial likelihood of success on the merits, (2) an irreparable injury in the absence of the injunction, (3) a threatened injury that exceeds any injury to the defendant caused by the injunction, and (4) the absence of a material adverse consequence to the public. See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003). Rule 65(b)(1), Federal Rules of Civil Procedure, permits the issuance of a temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Additionally, Local Rule 4.05(b)(3) requires the motion to "set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c)," Federal Rules of Civil Procedure.

"A temporary restraining order protects against irreparable harm and preserves the status quo until a meaningful decision on the merits can be made." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1297 (11th Cir. 2005) (citing Canal Auth. of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974)). The record reveals that the motion for a TRO seeks not to preserve the status quo but to obtain the affirmative relief sought in the complaint. The plaintiff alleges that TBW fails to comply with the obligations imposed by Sections 4.2 and 4.4 of the servicing agreements. The plaintiff notes that TBW possesses approximately one month's funds collected under the mortgages and that, "[g]iven the near collapse of TBW's business operations, the allegations of irregularities and fraud, as well as investigations into TBW's business practices, unless this Court immediately compels TBW to account for and return these funds to the Trustee, they will likely be lost in ongoing implosion of TBW." (Doc. 2, ¶ 16)

In the motion for a TRO, the plaintiff seeks to compel TBW (1) to account for and return to the plaintiff all funds held by TBW in its capacity as a servicer under the serving agreements, (2) to return to the plaintiff all documents and records relating to the 1,936 mortgage loans, (3) to advise each mortgagor of the contact information of the plaintiff's successor servicer, and (4) to transfer to the plaintiff designee each property to which the Trusts haven taken title by means of foreclosure or deed-in-lieu of foreclosure as defined in the servicing agreements. The plaintiff may not obtain specific performance of a contract through a motion for a TRO. See Fernandex-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982) ("One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo rather than

granting most or all of the substantive relief requested in the complaint."). Accordingly, the plaintiff's motion for a TRO (Doc. 2) is **DENIED**. Construing the plaintiff's papers as including a motion for preliminary injunction, the plaintiff's preliminary injunction motion (Doc. 2) is **REFERRED** to United States Magistrate Gary R. Jones for a report and recommendation.

ORDERED in Tampa, Florida, on August 18, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

xc: U.S. Magistrate Judge